NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BESTWAY (USA), INC.; et al., | Nos. 18-16228 |
| Plaintiffs-Appellees, | 18-17040 |
| v. | D.C. No. 4:17-cv-00205-HSG |
| LEONARD GREGORY SCOTT; EUREKA INVENTIONS LLC, | MEMORANDUM* |
| Defendants-cross-claimants-Appellees, | |
| PIETRO PASQUALE-ANTONI SGROMO, | |
| Defendant-Appellant, | |
| and | |
| WAGMORE & BARKLESS LLC, | |
| Defendant. | |

| | |
|---|---|
| BESTWAY (USA), INC.; et al., | No. 19-15709 |
| Plaintiffs-Appellees, | D.C. No. 4:17-cv-00205-HSG |
| v. | |
| PIETRO PASQUALE-ANTONI SGROMO, | |

_____

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellant,

and

WAGMORE & BARKLESS LLC,

Defendant,

EUREKA INVENTIONS LLC; LEONARD
GREGORY SCOTT,

Defendants-cross-claimants.

BESTWAY (USA), INC.; et al.,

Plaintiffs-Appellees,

v.

PIETRO PASQUALE-ANTONI SGROMO,

Defendant-Appellant,

and

WAGMORE & BARKLESS LLC; et al.,

Defendants.

No.    19-15797

D.C. No. 4:17-cv-00205-HSG

Appeals from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted December 11, 2019[**]

---

[**]    The panel unanimously concludes these cases are suitable for decision

18-16228

Before: WALLACE, CANBY, and TASHIMA, Circuit Judges.

In these consolidated appeals, Pietro Pasquale-Antoni Sgromo appeals pro se from the district court's summary judgment and orders in this diversity jurisdiction interpleader action. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

The district court properly denied Sgromo's motion to compel arbitration because appellees demonstrated Sgromo waived his right to arbitration. *See Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1259 (9th Cir. 2017) (standard of review); *Martin v. Yasuda*, 829 F.3d 1118, 1123-24 (9th Cir. 2016) (whether a party has waived its right to arbitration is a matter "for judicial determination unless the parties clearly and unmistakably provide otherwise"; waiver requires "knowledge of an existing right to compel arbitration," "acts inconsistent with that existing right," and "prejudice to the party opposing arbitration" (citations and internal quotation marks omitted)).

Because Sgromo failed to oppose cross-claimants' motion for summary judgment, plaintiffs' motion for a preliminary injunction, and plaintiffs' motion for attorneys' fees and costs, we do not consider Sgromo's challenge to the district court's disposition of those motions. *See Alaska Airlines, Inc. v. United Airlines, Inc.*, 948 F.2d 536, 546 n.15 (9th Cir. 1991) ("It is well established that an

without oral argument. *See* Fed. R. App. P. 34(a)(2).

3                                                                                          18-16228

appellate court will not reverse a district court on the basis of a theory that was not raised below."); *see also Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1141 n.6 (9th Cir. 1999) (failure to raise issue at summary judgment waives right to raise issue on appeal). We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Sgromo's motion to file an oversized reply brief is granted. The Clerk will file the oversized brief submitted at Docket Entry No. 62 in No. 18-16228; Docket Entry No. 39 in No. 18-17040; Docket Entry No. 33 in No. 19-15709; and Docket Entry No. 29 in No. 19-15797.

Appellees' motion to seal is granted. The Clerk will maintain under seal appellees' supplemental excerpts of record, volume IV.

**AFFIRMED.**